GEORGE PEPPERDINE, Trustee, etc., Plaintiff in Error, v. MILDRED HYMES et al., Defendants in Error.

St. Louis Court of Appeals, March 3, 1903.

Execution: FORTHCOMING BOND: INTERPLEA: SUBSTITUTE PLAINTIFF: TRUSTEE IN BANKRUPTCY: AMENDED COMPLAINT. A judgment was recovered against a husband, and an execution thereon levied on his interest in a stock of goods. His wife claimed the goods, secured possession of them on giving a forthcoming bond, and filed an interplea in the controversy, which was stricken out on motion of the judgment creditor. Subsequently the husband's trustee in bankruptcy was substituted as plaintiff in the execution in place of the judgment creditor, and filed an amended complaint praying that the husband be adjudged the owner of the property; that it be ordered given up by the wife, and that in lieu thereof, plaintiff have judgment on the forthcoming bond for its value; *Held*, that, as an adjudication in favor of plaintiff in the execution proceedings was indispensable to his right to foreclose on the bond, a trial of the rights of the property could only be had after a reinstatement of the wife's interplea, or the filing by her of an amended one.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville*, Judge.

AFFIRMED.

*Heffernan & Heffernan* for plaintiff in error.

(1) The judgment should have been against the interpleader and her sureties. R. S. 1899, sec. 3184. "If the judgment shall be for the execution creditor, it shall be against the claimant and his sureties in like manner, and the court shall order the property sold, and a certified copy of such order shall be delivered to the officer, and shall have the force and effect of and be proceeded upon as special execution." (2) Section 3184 provides the judgment against the

claimant and the sureties on the forthcoming bond shall be rendered in summary manner. Williamson v. Nile, 69 Mo. App. 368; State to use v. Durant, 53 Mo. App. 493. (3) The property being held *in custodia legis,* it is constructively in the court. Hence, subject to the summary judgment of the court. 26 Mo. App. 487. (4) The interpleader by virtue of her forthcoming bond retained the property and sold it before trial, a money judgment for amount of plaintiff's debt should go against her and her sureties on her bond. Dillard v. McClure, 64 Mo. 488; R. S. 1899, sec. 4476; Goath v. Caldwell, 72 Mo. 622; White v. Graves, 68 Mo. 218; Stroud v. Morton, 70 Mo. App. 647.

*Vaughan & Coltrane* and *Barbour & McDavid* for respondent.

Appellant avers that a judgment should have been rendered for the debt against Mrs. Hymes, Frank Bennett and their security, but the statutes do not authorize anything of the kind and neither Mrs. Hymes nor Frank Bennett nor Charles M. Bennett was legally or morally liable for any such amount. The only amount for which either of them are liable in any contingency is the interest of A. W. Hymes in the property, that is, his part of the surplus after all partnership debts were paid. Wilds v. Maddock, 26 Mo. 77; Rapp v. Vogel, 45 Mo. 524.

BLAND, P. J.—A history of the proceedings in this case will be found in the case of Carriage Company v. Hymes, 87 Mo. App. (St. L.) 193, where the judgment was reversed and the cause remanded. After the cause was remanded, on the petition of G. W. Pepperdine, as trustee in bankruptcy of the estate of A. W. Hymes, the United States District Court sitting at Springfield, Missouri, made an order on Pepperdine to apply to the Greene Circuit Court to be

substituted as plaintiff in the case of D. M. Sechler Carriage Co., v. A. W. Hymes, defendant, and Mildred Hymes, interpleader, and to take charge and prosecute the same for the benefit of the creditors of the bankrupt. On the production of this order, Pepperdine, as trustee in bankruptcy of A. W. Hymes, was by order of the circuit court of Greene county substituted as plaintiff in the above-entitled cause.

After the order of substitution was entered, Pepperdine, as trustee, filed what he calls an amended complaint, which set out the recovery of the judgment against A. W. Hymes, the issue of execution thereon, the levy of the execution on the interest of A. W. Hymes in the partnership goods of Hymes and Bennett; set forth the claim made by Mildred Hymes to the sheriff, to the effect that she was the owner of the interest in the goods levied on; the fact of the giving of an indemnity bond by plaintiffs in the execution and the giving of a forthcoming bond by Mildred Hymes; the fact that Mildred Hymes filed an interplea in the circuit court of Greene county claiming to be the owner of the interest in the goods levied on as the property of A. W. Hymes; the fact that the interplea was stricken out by the circuit court on the motion of the plaintiffs in the execution; alleged that the goods levied on were the property of A. W. Hymes and Frank Bennett, a partnership dealing in farm implements and buggies, and further alleged that they were the owners of the property at the date it was levied on and ended with the following prayer:

"Wherefore, the plaintiffs pray this court to adjudge that the said property levied upon was at the time of said levy, the property of said A. W. Hymes, and Frank Bennett, in equal interests and pray and order that the said property be returned to said sheriff; and on failure of the delivery of said property to said sheriff on said order, to render a judgment against said Mildred M. Hymes, and said Frank Bennett, and

C. M. Bennett for the amount of money due and costs of suits.''

A. W. Hymes appeared for the purpose of filing a motion to strike out the amended complaint, assigning the following grounds therefor:

''First.  The said A. W. Hymes is not a party to the suit entitled as at the head of this paper, nor to any suit in this court, pertaining to the subject-matter set out in said paper now sought to be stricken from the files, but is sought to be made a party to the pending suit by the mere filing of the complaint here sought to be stricken out.

''Second.  Because there is no such suit now pending in this court entitled Geo. Pepperdine, trustee of the estate of A. W. Hymes, bankrupt, v. A. W. Hymes.  And the filing of such a paper in this case in the suit pending in this court entitled Geo. Pepperdine, trustee of A. W. Hymes, bankrupt, plaintiff v. Mildred Hymes, is without right or authority, and if allowed would only inject into the said cause now pending, matters which would make 'confusion worse confounded.' ''

The court sustained the motion and struck out the so-called amended complaint.  Pending the motion, Pepperdine, trustee, offered evidence tending to show that A. W. Hymes and Frank Bennett were, at the time the execution was levied, carrying on a partnership business under the firm name and style of Hymes & Bennett and as partners were the owners of the goods levied on.

After taking proper steps to save exceptions to the ruling of the court in striking out the amended complaint, plaintiff brought the case here on writ of error.

When the case was here on the former appeal we held that the forthcoming bond given by Mrs. Hymes was not a statutory bond but a common-law one, which obliged Mrs. Hymes to deliver to the sheriff such of

the goods levied on only as should be adjudged to be the property of A. W. Hymes, and that no order for their delivery could be made on her until the goods or some of them were adjudged to be the property of A. W. Hymes. We did not intend to be understood by this ruling as holding that this issue was then pending on live pleadings, but intended to be understood as holding that an adjudication in favor of the plaintiffs in the execution was indispensable to their right to proceed on the forthcoming bond, and that the controversy would have to be settled on the same issues as were raised by Mildred Hymes by her interplea and plaintiff's denial thereof, that is, by a trial of the rights of the contesting parties to the property. The interplea was in the nature of a replevin suit and was appropriate for this purpose, but after it was stricken out by the court there was nothing left in this proceeding upon which the rights to the property could be tried. In this proceeding a trial of the rights to the property could only be had after a reinstatement of the interplea that was stricken out or by the filing of an amended one by Mrs. Hymes, or by the institution of an appropriate original suit. No offer or attempt was made to do either, but plaintiff undertook to have the rights of the property adjudged ex parte after the plaintiffs in the execution had driven Mrs. Hymes out of court.

Plaintiffs in the execution put Mrs. Hymes out of court by their motion to dismiss her interplea. After sending her hence they, nor the assignee in bankruptcy, could remain in and proceed to take away her property rights by an ex parte proceeding instituted on their own motion and without notice to her. When the interplea was stricken out, nothing remained upon which the court might rightfully proceed to judgment.

The judgment is affirmed. *Reyburn, J.,* concurs; *Goode, J.,* not sitting, having been of counsel.